UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO.: 4:16-CR-0132-BLW** |
| Plaintiff, | ) | |
| vs. | ) | |
| **JESUS NIETO,** | ) | |
| Defendant. | ) | Pocatello, Idaho<br>March 02, 2017<br>9:49:00 a.m. |
| And related parties and cases | ) | |

**ARRAIGNMENT & PLEA AGREEMENT**

THE HONORABLE CANDY W. DALE PRESIDING
MAGISTRATE JUDGE OF THE U.S. DISTRICT COURT

DEPUTY CLERK/ESR:

AMY TATE
U.S. District Court

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

**4:16-CR-0132-BLW** **U.S. v. Nieto** **03/02/17** **Arraignment & Plea**

NW TRANSCRIPTS, LLC. - Idaho Division
P.O. Box 33, Issaquah, Washington 98027-0002
206-953-7066 - gayle@nwtranscripts.com

1

APPEARANCES:

FOR THE PLAINTIFF:

**ANN T. WICK,**
Assistant U.S. Attorney
801 E. Sherman, #192
Pocatello, ID 83201
208-478-4166
Ann.Wick@usdoj.gov

FOR THE DEFENDANT:

**DAVID N. PARMENTER, CJA Counsel**
P.O. Box 700
Blackfoot, ID 83221
(208) 785-1290
parlaw@gmail.com

ALSO PRESENT:

**JESSIE THOMPSON-KELLEY,**
U.S. Probation Officer

**4:16-CR-0132-BLW U.S. v. Nieto 03/02/17 Arraignment & Plea**

NW TRANSCRIPTS, LLC. - Idaho Division
P.O. Box 33, Issaquah, Washington 98027-0002
206-953-7066 - gayle@nwtranscripts.com

2

**POCATELLO, IDAHO THURSDAY, MARCH 02, 2017**

* * * * *

PROCEEDINGS BEGAN AT 9:49:00 A.M.

THE CLERK: All rise. The United States District Court for the District of Idaho is again in session. The Honorable Candy W. Dale presiding.

THE COURT: Please be seated.

THE CLERK: The Court will now hear the case of United States of America versus Jesus Nieto. Case number CR-16-132-BLW. Counsel, please state your appearances for the record.

MS. WICK: Ann Wick for the United States.

MR. PARMENTER: David Parmenter for the defendant.

THE COURT: Well, good morning. This is the time for the initial appearance of Mr. Nieto on the Superseding Information, as well as I understand Mr. Nieto would like the Court to consider accepting a plea of guilty to the charges in the Superseding Information.

Mr. Parmenter, is that an accurate summary of the procedural posture of this case and is your client prepared to proceed?

MR. PARMENTER: It's my understanding that he is, Your Honor. Yes.

THE COURT: Okay. And, Ms. Wick, is the government?

**4:16-CR-0132-BLW U.S. v. Nieto 03/02/17 Arraignment & Plea**

NW TRANSCRIPTS, LLC. - Idaho Division
P.O. Box 33, Issaquah, Washington 98027-0002
206-953-7066 - gayle@nwtranscripts.com

3

MS. WICK: Yes, Your Honor.

THE COURT: Mr. Nieto, we will begin with reviewing the Superseding Information, which is the new charging document. Have you had an opportunity to review the Superseding Information?

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: The charges in the Superseding Information is, it's a sole count, the charge is coercion and enticement of a minor. The charge is filed under 18, U.S.C., Section 2422(b).

The maximum penalty, should you be convicted of the charge, is life imprisonment, with a mandatory minimum of 10 years imprisonment; a fine up to $250,000.

With regard to supervised release, a mandatory minimum of five years and up to life supervision. And a special assessment of $5100.

Do you understand, Mr. Nieto, that these are the charges and the maximum penalties should you be convicted?

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: Now you do have the right to have the Superseding Information read to you in full in open Court by the Clerk of the Court, but if you understand the charges and the penalties you can waive that formal reading. Do you waive the formal reading of the Superseding Information?

DEFENDANT JESUS NIETO: Yes, Your Honor.

**4:16-CR-0132-BLW U.S. v. Nieto 03/02/17 Arraignment & Plea**

NW TRANSCRIPTS, LLC. - Idaho Division
P.O. Box 33, Issaquah, Washington 98027-0002
206-953-7066 - gayle@nwtranscripts.com

4

THE COURT: Now Mr. Parmenter has already been appointed to represent you in this matter. I take it, Mr. Nieto, your financial circumstances have not changed such that you can afford to hire your own attorney?

DEFENDANT JESUS NIETO: No, I've been incarcerated.

THE COURT: Okay. And so the appointment is continued of Mr. Parmenter.

And, Mr. Parmenter, given that Mr. Nieto wants -- is asking the Court to accept a plea of guilty pursuant to the plea agreement, I'm proposing that we proceed to the plea litany, plea hearing. At that time I will advise Mr. Nieto of his rights to trial and the other rights that I would do if this was an arraignment. Any objection?

MR. PARMENTER: No.

THE COURT: Any objection, Ms. Wick?

MS. WICK: No, Your Honor.

THE COURT: Okay. So before we do that, the first thing we need to take up is the waiver of indictment.

Mr. Nieto, because the new charges are in the Superseding Information, they are felony charges and you do have the right to be prosecuted by -- indictment by a jury on those charges, or you can waive that right. Waive that right and consent to be prosecuted by indictment, but that needs to be knowing and voluntary. Have you discussed your rights to indictment as opposed to proceeding by information?

**4:16-CR-0132-BLW U.S. v. Nieto 03/02/17 Arraignment & Plea**

NW TRANSCRIPTS, LLC. - Idaho Division
P.O. Box 33, Issaquah, Washington 98027-0002
206-953-7066 - gayle@nwtranscripts.com

5

DEFENDANT JESUS NIETO: Yes. Yes, Your Honor.

THE COURT: Are you knowing and voluntarily waiving your right to prosecution by indictment and consenting to prosecution by information on the charges that we just reviewed?

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: And I do have the waiver of indictment signed by Mr. Nieto and Mr. Parmenter. I will approve that.

Now for -- for the Court to decide whether to accept your plea of guilty to the charges in the Superseding Information we will have you placed under oath and I will ask you a number of questions. The questions are to make certain that your plea is valid; that you're capable of understanding what you're doing in making your guilty plea; and to make sure you understand the particular details of your guilty plea and the plea agreement you have entered into with the government. You will be placed under oath so that your answers to my questions are the same as if you were testifying here today. So if you do not understand any of my questions or you need or you would like further explanation, or need to talk with your attorney about any of the questions or other formation I provide, please just say so, and I will stop and we will take whatever time is necessary to ensure that you fully understand these proceedings and my questions to you.

4:16-CR-0132-BLW U.S. v. Nieto 03/02/17 Arraignment & Plea

NW TRANSCRIPTS, LLC. - Idaho Division
P.O. Box 33, Issaquah, Washington 98027-0002
206-953-7066 - gayle@nwtranscripts.com

6

So at this time if you would please stand, raise your right hand, face the Clerk of the Court, she'll administer an oath.

**JESUS NIETO, DEFENDANT HEREIN, SWORN**

THE CLERK: Thank you.

THE COURT: You may be seated.

And, Mr. Nieto, do you understand, given that you've been sworn as a witness, that if you do not answer my questions truthfully you could be prosecuted for perjury or for giving a false statement?

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: Now as you know I am a United States Magistrate Judge. You have the right to have a United States District Judge, the Sentencing Judge take your plea. You must waive or give up that right to proceed today to have me take your guilty plea. If you waive that right, I will decide whether you are capable of understanding what you're doing today and whether your plea is voluntary and meets the other requirements of Rule 11 of the Federal Rules of Criminal Procedure. I then will make a recommendation to the District Judge as to whether to accept your plea and the plea agreement you have entered into with the government.

I have the written waiver signed by you and your attorney, however I need to ask you on this record, do you waive your right to appear before a United States District

**4:16-CR-0132-BLW U.S. v. Nieto 03/02/17 Arraignment & Plea**

NW TRANSCRIPTS, LLC. - Idaho Division
P.O. Box 33, Issaquah, Washington 98027-0002
206-953-7066 - gayle@nwtranscripts.com

7

Judge and agree to proceed before me, a United States Magistrate Judge for the purpose of entering your plea?

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: And now I'm going to ask you some personal questions and these are to determine whether you're capable of understanding what you're doing here today or your competence. Can you start, Mr. Nieto, by telling me your age?

DEFENDANT JESUS NIETO: 20.

THE COURT: 20?

DEFENDANT JESUS NIETO: Yes. Mm-hmm.

THE COURT: And how much schooling or education have you completed?

DEFENDANT JESUS NIETO: Until 11th grade.

THE COURT: Did you complete the 11th grade?

DEFENDANT JESUS NIETO: No.

THE COURT: Okay.

DEFENDANT JESUS NIETO: That's just how far I made it.

THE COURT: Are you going to start working on your GED?

DEFENDANT JESUS NIETO: Yes, Your Honor, that's -- that was my whole goal before I got into here.

THE COURT: Now can you read write and understand the English language without difficulty?

4:16-CR-0132-BLW U.S. v. Nieto 03/02/17 Arraignment & Plea

NW TRANSCRIPTS, LLC. - Idaho Division
P.O. Box 33, Issaquah, Washington 98027-0002
206-953-7066 - gayle@nwtranscripts.com

8

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: And have you taken any drugs, medicine or pills, or consumed any alcoholic beverages in the past 24 hours?

DEFENDANT JESUS NIETO: No, Your Honor.

THE COURT: Do you suffer from any mental illness or instability?

DEFENDANT JESUS NIETO: No.

THE COURT: Do you understand the purpose of the hearing today?

DEFENDANT JESUS NIETO: Yes.

THE COURT: And, Mr. Parmenter, do you have any doubt or other concerns about Mr. Nieto's competence to proceed with this hearing?

MR. PARMENTER: No, ma'am.

THE COURT: And I do find, based on the assurances of counsel, Mr. Nieto's responses to my questions, and my observations, that Mr. Nieto is competent to enter a plea today.

Now, Mr. Nieto, have you had enough time to discuss this case with your attorney?

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: Have you discuss fully with your attorney all of the facts and circumstances surrounding the charges that were brought against you?

**4:16-CR-0132-BLW** **U.S. v. Nieto** **03/02/17** **Arraignment & Plea**

NW TRANSCRIPTS, LLC. - Idaho Division
P.O. Box 33, Issaquah, Washington 98027-0002
206-953-7066 - gayle@nwtranscripts.com

9

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: And have you had the opportunity, with your attorney, to review the government's evidence and any defenses available to you?

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: Are you satisfied with your attorney's representation of you in this matter?

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: Put another way, do you believe that you have been both adequately and competently represented by your attorney?

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: Is it, however, your own independent decision to plead guilty?

DEFENDANT JESUS NIETO: Yes.

THE COURT: Now I'm going to explain to you the rights afforded to all defendants in criminal cases and these are the rights that I referenced when we were reviewing the charges in the Superseding Information and we agreed to go to the plea hearing. As a defendant in this case you have certain rights guaranteed to you. It is extremely important that you understand these rights because if you plead guilty you will be waiving or giving up your right to exercise these rights. So listen very carefully and if you have any questions about any of these rights please say so, and I will

take whatever time is necessary to ensure that you fully understand them.

You have the right to enter a plea of not guilty and proceed to a trial by a jury.

You are presumed innocent of the charges against you and that presumption would continue through trial.

At trial the government would be required to prove your guilt by competent evidence and beyond a reasonable doubt. You would not be required to prove innocence.

You have the right to be represented by an attorney at trial and if you cannot afford to retain an attorney, one would be appointed to represent you; which has been the situation so far in this matter.

You and your attorney would participate in the selection of the jury. If you wish to call witnesses, the cost and process in bringing those witnesses to testify would be paid for you. At trial the government would be required to present witnesses to testify in your presence and those witnesses would be subject to cross-examination by your attorney. Your attorney could also object to evidence offered by the government and offer evidence, including calling witnesses on your behalf.

At trial you would have the right to testify if you chose to do so, but you also would have the right to choose not to testify. And if you choose to not testify, the jury

4:16-CR-0132-BLW U.S. v. Nieto 03/02/17 Arraignment & Plea

NW TRANSCRIPTS, LLC. - Idaho Division
P.O. Box 33, Issaquah, Washington 98027-0002
206-953-7066 - gayle@nwtranscripts.com

11

is instructed that they must not draw any inference of guilt from the fact that you did not testify.

If you were convicted after trial, you would have the right to appeal that conviction and an attorney would be appointed to represent you on appeal.

If you plead guilty, you waive your right to a trial and the other rights I have just discussed. There will be no trial and you'll be sentenced on the basis of your guilty plea.

If you plead guilty, you also will waive your rights not to testify and not to incriminate yourself because you will have to acknowledge your guilt as to the crime to which you are pleading guilty.

Do you understand, Mr. Nieto, each of these rights I've just discussed with you?

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: Do you have any questions about any of them?

DEFENDANT JESUS NIETO: No, Your Honor.

THE COURT: Having heard this discussions of your rights, do you still want to plead guilty and waive or give up these rights?

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: Now we just reviewed the information and the charges in the information. Did you understand the

charges in the information?

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: Now, again, I already asked you this, but it's important for me to ask it again. Do you understand that the maximum possible penalty on the charge in the Superseding Information, the charge of coercion and enticement of a minor, that the maximum penalty is life imprisonment, with a mandatory 10 year term; followed by supervised release of at least five years and up to life; a fine up to $250,000 and a special assessment of $5100. Do you understand this?

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: And do you understand that the charge in Count -- that the charge in the Superseding Information carries a mandatory minimum sentence of 10 years?

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: And you also understand that the Court must impose a minimum of five years of supervised release to follow your term of incarceration?

(Off Record Colloquy of Counsel and Defendant)

(Pause in the Proceedings)

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: And are there any state charges pending against Mr. Nieto?

MR. PARMENTER: There are not.

**4:16-CR-0132-BLW** **U.S. v. Nieto** **03/02/17** **Arraignment & Plea**

NW TRANSCRIPTS, LLC. - Idaho Division
P.O. Box 33, Issaquah, Washington 98027-0002
206-953-7066 - gayle@nwtranscripts.com

13

THE COURT: Okay. And, Mr. Nieto, I also must inform you, because the maximum sentence -- maximum possible sentence is 25 years or more, that a sentence of probation, without serving -- without a term of incarceration as your sentence is not available to you on this charge. Do you understand this?

(Off Record Colloquy of Counsel and Defendant)

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: And do you also understand that the Court may order you to pay restitution to any identified victims in this case?

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: And do you understand that by pleading guilty to a federal felony offense you will be deprived of certain rights, including the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm?

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: And, Ms. Wick, are there any questions about Mr. Nieto's citizenship, given the risk of removal provision in the plea agreement?

MS. WICK: One second, Your Honor.

(Off Record Colloquy)

MS. WICK: I was just making sure. There's no question of his citizenship, to my knowledge.

THE COURT: Okay. Mr. Nieto, at this time I'm going to review the elements of the offense to which you intend to plead guilty and the elements are set forth in the plea agreement on page 2.

The elements of the crime of coercion and enticement of a minor, which is a violation of 18, U.S.C., Section 2422(b), and the charge in Count One of the Superseding Information are the following:

"First, that you knowingly used a means of interstate or foreign commerce to persuade, induce, entice, or coerce Jane Doe and Jane Doe 2 to engage in sexual activity;

Second, Jane Doe and Jane Doe 2 were under the age of 18; and

Third, the sexual activity was such that any person could be charged with a criminal offense.

Do you agree, Mr. Nieto, that if this matter went to trial the government could prove each of these elements of the crime by competent evidence and beyond a reasonable doubt?

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: And at this time, Ms. Wick, would you please set forth the factual basis for the plea agreement.

MS. WICK: If this matter were to proceed to trial, the government and the defendant agree that the following

4:16-CR-0132-BLW U.S. v. Nieto 03/02/17 Arraignment & Plea

NW TRANSCRIPTS, LLC. - Idaho Division
P.O. Box 33, Issaquah, Washington 98027-0002
206-953-7066 - gayle@nwtranscripts.com

15

facts would be proven beyond a reasonable doubt:

On February 11, 2016, the American Falls Police Department received a report that the defendant, Jesus Guerrero Nieto, had raped Jane Doe, a 12-year old female child, at his residence in American Falls, Idaho. During a forensic interview six days later, among other things, Jane Doe disclosed that approximately two months before, the defendant had met her at the mall in Chubbuck, Idaho, and taken her back to his residence in American Falls, Idaho. Based on Jane Doe's birth date, she was 11 years old at the time.

As part of the investigation of the rape allegation, the American Falls Police Department obtained records of the defendant’s activities conducted over the Internet through the use of Facebook. Although it is clear that the defendant and Jane Doe are also communicating on other platforms, such as other chat and messaging applications, the Facebook records revealed communications between the defendant and Jane Doe, in which the defendant pressured Jane Doe on the subject of sex. The records also revealed that the defendant knew Jane Doe was under the age of 18.

In a conversation on December 1, 2015, the defendant told Jane Doe: We have to hide our relationship till later on.

On December 2nd, 2015, the following exchange took place:

Jane Doe: So you're going to smash me like that's where this is going.

Nieto: If you let me why not.

Jane Doe: I would, but I can't

Nieto: I'm joking I just want a good relationship with you.

Jane Doe: Like I was kidding, babe, I would never, but I can't loose my virginity 'til I'm married

Nieto: Okay, babe, I'm not forcing you to do anything 'til you're ready.

On December 5, 2015, Jane Doe told the defendant that her mom is going to put her on birth control.

On December 15, 2015, the two discussed the defendant leaving:

Jane Doe: Babe, I have to see you Friday. I have to kiss you one more time before you leave.

Nieto: I wanna smash you before I leave.

Jane Doe: Wait, why?

Nieto: Cause I love you and I want to make you mine.

Jane Doe: Babe, you're leaving, no?

Nieto: That's why we'll do it before I leave.

Jane Doe: Babe, but I'm not ready.

4:16-CR-0132-BLW U.S. v. Nieto 03/02/17 Arraignment & Plea

NW TRANSCRIPTS, LLC. - Idaho Division
P.O. Box 33, Issaquah, Washington 98027-0002
206-953-7066 - gayle@nwtranscripts.com

17

Nieto: I was joking, I just wanted to check what you'11 say, but, hey, I'll talk to you later, I haven't slept at all and I'm really tired so I'll talk to you later.

On December 24, 2015, the topic of sex again was discussed:

Nieto: Oh, trust me, we will make it unbelievable all the time and do whatever you want.

Jane Doe: It's us remember.

Nieto: But I mean I can't force you to do stuff either, that's why it's up to you.

Jane Doe: So even if I wasn't ready for sex would you wait?

Nieto: I mean kind of, but you promised you would after you got your thing in your arm.

Jane Doe: Like I did. I'm just scared.

Nieto: I mean it is up to you, but a promise is a promise but like I said it's up to you.

Jane Doe: Like what you mean?

Nieto: I mean why would you be scared anymore if you got that thing in your arm now and I mean it's not scary at all. I mean yeah, at first it does hurt but after that you like it.

Jane Doe: [Sends a heart emoji]. People say that after sex it changes your life.

Nieto: WTF, no, it doesn't make -- no, it doesn't, it makes it better. I mean if you're going to be sleeping with a lot of guys then, yeah, it does change your life but if it's only with one person then it's great.

Jane Doe: I bet.

Nieto: I mean I was first your then why can't I be your on that too since you promised?

Jane Doe: Yeah

Nieto: Look, I know you want it to be romantic, I promise I will try to do that.

Jane Doe: But I don't feel ready. Like it's yes and then no

Nieto: I don't know, even know what to -- what to you then?

Jane Doe: I'm just scared. My body feels ready but I myself am not ready.

Nieto: Then IDK.

Subsequent to this exchange, the defendant met Jane Doe at the mall and took her to his residence in American Falls. On the same day the police were notified of the rape, the defendant communicated with his mother through Facebook and told her that the girl accusing him of "grabbing her is 16 or 15."

The Facebook records also revealed that the

4:16-CR-0132-BLW U.S. v. Nieto 03/02/17 Arraignment & Plea

NW TRANSCRIPTS, LLC. - Idaho Division
P.O. Box 33, Issaquah, Washington 98027-0002
206-953-7066 - gayle@nwtranscripts.com 19

defendant was in communication with another minor female, Jane Doe 2, between November 3rd, 2015, and January 28th, 2016. As with Jane Doe, the defendant communicated with Jane Doe 2 through methods other than Facebook. Nevertheless, in the Facebook communications, the defendant discussed having sexual intercourse with Jane Doe 2 and successfully convinced her to take naked pictures of herself. Jane Doe was 15 years old at the time and resided outside of Idaho.

For example, on November 11th, 2015, Jane Doe wrote to the defendant, "I'm sorry I want you back, how can I do that?" The defendant asked for "a good ass pic." After Jane Doe 2 sent two full-body pictures of herself dressed, the defendant asked, "When are you going to send me one almost naked already?" Jane Doe 2 responded, "Never."

On December 7, 2015, the defendant again requested pictures from Jane Doe 2.

Jane Doe 2 wrote, "I really don't want to lose you. I will do anything you want to have you back."

The defendant asked, "So you would do anything?" Shortly thereafter, he asked for "almost nude pics, everything of you, everything from you, and that fine ass of yours."

Jane Doe 2 confirmed that the defendant wanted

**4:16-CR-0132-BLW** **U.S. v. Nieto** **03/02/17** **Arraignment & Plea**

NW TRANSCRIPTS, LLC. - Idaho Division
P.O. Box 33, Issaquah, Washington 98027-0002
206-953-7066 - gayle@nwtranscripts.com

20

pictures of her genitals and breasts and promised that she would send them in the morning.

The defendant wrote, "Okay, I'm trusting that you are if you don't lie then maybe I would want you back as my girlfriend."

In the early morning hours of December 8, 2015, Jane Doe 2 sent the defendant three pictures. The first was a close up of Jane Doe 2's fully exposed vagina; the second was of Jane Doe's exposed breasts; and the third was of Jane Doe 2's midriff and upper thighs, showing her in her underwear.

On December 24, 2015, the defendant told Jane Doe 2 that he will pay for a plane ticket for her to come visit in the summer. When Jane Doe 2 referenced being 16 years old in 2016, the defendant appeared surprised and said that he thought she was already 16 years old. Jane Doe 2 reminded him that she had told him about her Quinceńera.

The defendant admits that he knowingly communicated over the Internet with both Jane Doe and Jane Doe 2, knowing they were under the age of 18, and that he used the Internet to persuade, induce, entice, or coerce the girls to engage in sexual activity for which he or they could be charged with a criminal offense.

Thank you, Your Honor.

THE COURT: Mr. Nieto, do you agree with the summary provided by the prosecutor as to what the facts and evidence would be if this matter went to trial?

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: Did she include anything in her summary with which you disagree?

DEFENDANT JESUS NIETO: No, I don't think so, Your Honor.

THE COURT: Well, no I don't think so is different.

DEFENDANT JESUS NIETO: Okay. No.

THE COURT: It's a yes or no.

DEFENDANT JESUS NIETO: No, Your Honor.

THE COURT: Okay. I need you at this time to describe for me in your own words what it is that you did that makes you guilty of the charge of coercion and enticement of a minor?

(Off Record Colloquy of Counsel and Defendant)

DEFENDANT JESUS NIETO: Well, Your Honor, on the Jane Doe 2, I've known her since I was 17. Me and her had communication for two years, so me and her had a relationship for two -- for those two years. I don't know if my lawyer has all the messages on there. But, yes, I do know [unintelligible] reviewed it, tell her that we took almost a year and a half for us to kind of talk like that, kind of a relationship like that.

So on Jane Doe 1, yeah, we took awhile, but on my text messages on my phone it shows otherwise. But I didn't always -- I was using Facebook too. Facebook.

Your Honor, [unintelligible] I was proceeding then to -- for sex [unintelligible] on Jane Doe 2 it took me awhile to for us to even get like that.

THE COURT: So what you're saying is that you do acknowledge that you were using Facebook and perhaps other electronic communications devices to persuade or entice Jane Doe and Jane Doe 2 to engage in sexual activity?

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: And did you know -- and that you knew that Jane Doe and Jane Doe 2 were under the age of 18?

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: And did you also know that the sexual activity was such that you or they could be charged with a criminal offense?

DEFENDANT JESUS NIETO: No, Your Honor.

THE COURT: You didn't know that you could be charged with a criminal offense?

DEFENDANT JESUS NIETO: No, Your Honor.

THE COURT: Okay. Do you acknowledge that if the facts were presented to a jury that the jury reasonably could find that you knew that these -- your actions -- your activity could be result in you being charged with a criminal

offense?

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: Ms. Wick, is that sufficient acceptance of the -- of responsibility or the elements of the offense?

MS. WICK: I'm a little concerned with regards to the last element. Can I be permitted to ask a couple questions of Mr. Nieto or offer questions to the Court to ask?

THE COURT: Yes. If there's no objection to Ms. Wick asking the questions, you can ask it direct or I can ask the question. And I just want to ensure that the --

MS. WICK: I can even tell counsel.

THE COURT: -- elements is sat -- the third element is satisfied, so.

MS. WICK: Would you prefer if I asked counsel or told counsel what I was intending to ask? Would that be better?

THE COURT: Sure.

MS. WICK: Mr. Nieto, would you agree that you knew at the time, the dates alleged in the Superseding Information that Jane Doe 1 and Jane Doe 2 were under the age of 18?

DEFENDANT JESUS NIETO: Yes, ma'am.

MS. WICK: And would you agree that at the time involved, you knew that -- well, you intended to engage in

**4:16-CR-0132-BLW U.S. v. Nieto 03/02/17 Arraignment & Plea**

NW TRANSCRIPTS, LLC. - Idaho Division
P.O. Box 33, Issaquah, Washington 98027-0002
206-953-7066 - gayle@nwtranscripts.com

24

some kind of sexual activity with Jane Doe 1 and Jane Doe 2?

DEFENDANT JESUS NIETO: No, just Jane Doe 1. Jane Doe 2 was just [unintelligible].

MS. WICK: I'm sorry of one -- on Jane Doe 2 then. Thank you for clarifying.

With regard to John Doe 2, do you agree that you requested and intended for her to send nude pictures of herself?

DEFENDANT JESUS NIETO: Yes, ma'am.

MS. WICK: And finally, you knew at the time involved that -- that people knew about sexual activity with either one of Jane Doe 1 or Jane Doe 2, it could be illegal for those activities to take place?

DEFENDANT JESUS NIETO: No, that's one I didn't know.

MS. WICK: You did not know that it would have been illegal to have sex with an 11-year-old?

MS. WICK: Oh, and sex, yeah. But I was meaning about the -- that Jane Doe 2, when I thought she was 16 at that time. So that's why I went to Court for -- and Judge --

(Off Record Colloquy of the Defendant and Counsel)

MS. WICK: It's okay if you don't know the judge's name.

DEFENDANT JESUS NIETO: Yeah, he told me that I could be around 16 and up basically that's why I was talking

4:16-CR-0132-BLW U.S. v. Nieto 03/02/17 Arraignment & Plea

NW TRANSCRIPTS, LLC. - Idaho Division
P.O. Box 33, Issaquah, Washington 98027-0002
206-953-7066 - gayle@nwtranscripts.com

25

to Jane Doe 2 because she told me that she was 16. That she had turned 16 until that year.

MS. WICK: Okay. But you -- okay.

Mr. Nieto has answered my questions sufficiently, in addition to the questions already answered to the Court I feel like the plea is sufficient.

THE COURT: Okay. We're going to review the plea agreement in a summary fashion in a moment. Mr. Nieto, we've already reviewed some of the provisions of it, but has anyone threatened you or threatened anyone you know or forced you in any way to enter into the plea agreement?

DEFENDANT JESUS NIETO: No, Your Honor.

THE COURT: Has anyone threatened you or threatened anyone you know, or forced you in any way to plead guilty?

DEFENDANT JESUS NIETO: No, Your Honor.

THE COURT: Now with regard to the plea agreement, it does appear to have your signature on the last page, along with your attorney's. But can you verify for me that that's your signature as Jesus Nieto?

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: And are you the person who signed it?

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: Before you signed the plea agreement did you review every provision in it with your attorney?

DEFENDANT JESUS NIETO: Yes, Your Honor.

4:16-CR-0132-BLW U.S. v. Nieto 03/02/17 Arraignment & Plea

NW TRANSCRIPTS, LLC. - Idaho Division
P.O. Box 33, Issaquah, Washington 98027-0002
206-953-7066 - gayle@nwtranscripts.com

26

THE COURT: And did you read and understand every provision in the plea agreement before you signed it?

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: Now if you plead guilty today a presentence report will be prepared and then the sentencing Judge will examine that report, along with the plea agreement and determine whether or not to accept the plea agreement where it calls for dismissal of the charges in the Superseding Indictment.

Now the Superseding Indictment charged you with additional charges than in the Superseding Information, including sexual exploitation of a minor, receipt of child pornography.

In the plea agreement, the plea agreement calls for the government moving to dismiss the charges in the Superseding Indictment, but the Sentencing Judge is required to not accept that aspect of the plea agreement if sentencing on Count One in the Superseding Information, that we just reviewed, will not adequately address the totality of your criminal conduct. But if the Sentencing Judge were to reject this aspect of the plea agreement, you would be notified at or before the time of sentencing and given an opportunity to withdraw your plea of guilty to Count One in the Superseding Information and stand trial on all counts charged in the Superseding Indictment. Do you understand

4:16-CR-0132-BLW U.S. v. Nieto 03/02/17 Arraignment & Plea

NW TRANSCRIPTS, LLC. - Idaho Division
P.O. Box 33, Issaquah, Washington 98027-0002
206-953-7066 - gayle@nwtranscripts.com

27

this?

(Off Record Colloquy of Defendant and Counsel)

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: Now in the plea agreement there are the agreements between you and the government to make recommendations regarding your sentence. Do you understand that the Sentencing Judge is not required to accept or be bound by those agreements?

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: Put another way, do you understand that the Court, the Sentencing Judge is not a party to the agreements between you and the government?

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: After the guideline range has been determined, the Court also has the authority, in certain circumstances, to depart from the guidelines.

Pursuant to the plea agreement, however, if the Sentencing Judge accepts my recommendation and accepts your plea of guilty to Count One as charged in the Superseding Information that we've just reviewed, you will not be allowed to withdraw that plea, even if the Judge imposes a sentence on that charge that is more severe than you think it will be at this time, or at the time of sentencing, or is more severe than the sentence called for by the guideline range. Do you also understand this?

**4:16-CR-0132-BLW U.S. v. Nieto 03/02/17 Arraignment & Plea**

NW TRANSCRIPTS, LLC. - Idaho Division
P.O. Box 33, Issaquah, Washington 98027-0002
206-953-7066 - gayle@nwtranscripts.com

28

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: Now in the Federal Criminal Justice System there is no parole. This means that to the extent imprisonment is ordered in your case you will serve the entire sentence ordered by the Court with the possibility that you would be entitled to a good time credit against your total sentence after the first year.

After you complete serving whatever sentence of incarceration is imposed, you will be placed on supervised release for a term of at least five years. During that period of time you will be supervised by a probation officer and required to comply with conditions imposed by the Court and the probation office. Your failure to comply with those conditions during the term of supervised release may result in you being sentenced to a further term of incarceration. Do you understand this regarding incarceration and supervised release?

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: Okay. Now as I mentioned we are going to walk through the plea agreement in a summary fashion. On page 1, as we've just discussed, the plea agreement and the summary of terms calls for your admission to Count One as charged in the Superseding Information, which is the charge of coercion and enticement of a minor. Upon acceptance of that guilty plea and your compliance with the other terms of

4:16-CR-0132-BLW U.S. v. Nieto 03/02/17 Arraignment & Plea

NW TRANSCRIPTS, LLC. - Idaho Division
P.O. Box 33, Issaquah, Washington 98027-0002
206-953-7066 - gayle@nwtranscripts.com

29

the plea agreement, the government is agreeing to dismiss the charges in the Superseding Indictment. Is this how you understand the basic terms of the plea agreement?

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: Do you also understand however, that you're agreeing that the facts and circumstances relating to the dismissed counts, those being in the Superseding Indictment, constitutes relevant conduct for consideration during preparation of the presentence report and the time of sentencing. Do you understand this?

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: Now at the bottom of page 1 is a waiver of constitutional rights at trial. We've already reviewed that this morning.

On page 2, we come to the nature of the charges, both the elements of the crime and the factual basis for the plea agreement. The factual basis continues through the middle of page 6 and we've already reviewed both of those.

Now with regard to the sentencing factors on page 6, we've reviewed the penalties, maximum possible penalties, as well as supervised release.

On page 7, we come to fines. Do you understand, Mr. Nieto, that there is no agreement between you and the government as to the amount of the fine that will be recommended by the government or imposed by the Court?

**4:16-CR-0132-BLW U.S. v. Nieto 03/02/17 Arraignment & Plea**

NW TRANSCRIPTS, LLC. - Idaho Division
P.O. Box 33, Issaquah, Washington 98027-0002
206-953-7066 - gayle@nwtranscripts.com

30

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: And with regard to the special assessment, do you understand that you're agreeing to pay the special assessment before or at the time of sentencing or --

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: Then with regard to page 7, on restitution, do you understand that you're agreeing to pay restitution in the amount ordered by the Court to victims of the offense?

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: On page 8, we come to at -- the United States Sentencing Guidelines and their application to the decision that the Sentencing Judge will make in this case. Have you had the opportunity, Mr. Nieto, to discuss the sentencing guidelines with your attorney?

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: Now under these guidelines the Sentencing Judge will use a number of factors relating to the seriousness of the offense and your prior criminal history and will take into account all circumstances related to your criminal conduct, including matters which are not charged in the government -- not charged by the government and the crime to which you are pleading guilty today. Do you understand this?

**4:16-CR-0132-BLW** **U.S. v. Nieto** **03/02/17** **Arraignment & Plea**

NW TRANSCRIPTS, LLC. - Idaho Division
P.O. Box 33, Issaquah, Washington 98027-0002
206-953-7066 - gayle@nwtranscripts.com

31

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: Now the sentencing guidelines are advisory for the Sentencing Judge. That means the Sentencing Judge must consider the guidelines, but is not required to impose the exact sentence that the guidelines indicate might be appropriate. However, the Sentencing Judge is required to calculate the applicable guideline range and consider this range as one factor in determining the appropriate sentence.

The Sentencing Judge will determine your sentence by considering the guideline range, possible departures, up or down under the guidelines and other sentencing factors as provided under law under 18, U.S.C., Section 3553(a).

Now the plea agreement contains certain stipulations between you and the government that may affect the guideline range and we're going to review those in a moment. But do you understand that the Sentencing Judge is not bound by these stipulations, but may, with the aid of the presentence report, determine all facts and factors relevant to sentencing?

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: Now on page 8 there's an acceptance of responsibility provision that indicates that if you clearly accept responsibility for the offense, you will be entitled to a reduction of two levels in the combined adjusted offense

level and the government will move for an additional one level reduction in that combined offense level if certain conditions are met. Do you understand the acceptance of responsibility provision?

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: Now on page 9 and continuing several pages to the top of page 13, there are several joint recommendations between you and the government for inclusion in your sentence and in the conditions of your supervised release. They include your agreement to submit to a psychosexual assessment; the waiver of confidentiality; a restriction on contact with minors; a restriction on access to minors; an occupational restriction; restriction on computer and Internet use; restriction or prohibition on possession of sexually explicit matters involving minors; a provision for polygraph testing; a provision for post-incarceration treatment; your agreement to a search provision; your acknowledgment of sex offender registration; Megan's Law, Adam's Walsh Act provisions; a conditional use, derivative use immunity provision; and a stipulation regarding sentencing guidelines.

Do you understand that you are agreeing to each of these provisions being included as part of your sentence and/or your supervision terms?

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: And do you understand all of these provisions?

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: And do you understand all of the restrictions?

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: Do you understand all the prohibitions?

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: Okay. On page 13 there also is your agreement not to seek otherwise downward departure or variance under Section 3553(a) without first notifying the government of your intent to seek those -- that departure in writing, not less than 21 days before the date set for sentencing. Do you understand this provision?

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: Also on page 13, continuing to page 14, is the waiver of right to direct appeal and to collateral attack. Now do you understand, Mr. Nieto, that in the plea agreement, to the full extent of the law that you may do so, you are agreeing to waive or give up your right to appeal, or collaterally attack the entry of plea, conviction, the entry of judgment, and the sentence, including forfeiture and restitution?

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: Do you understand the few exceptions or

rights you do retain to file a direct appeal or a motion under 28, U.S.C., Section 2255?

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: Do you understand the consequences of violating the plea agreement?

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: Okay. Now, a little more information regarding the effect of prior offenses, if any, in your criminal history. In the sentencing guidelines certain facts in your criminal history, if any, may increase the sentence determined by the guidelines. For instance, if you have had a criminal conviction within the past 15 years, or if you committed this offense to which you are pleading guilty today while on probation or supervised release, these are all factors that will increase your guideline range and in turn, your potential sentence.

If you committed this offense as part of a pattern of criminal conduct from which you derived a substantial portion of your income, I'm not sure the supplies, but that would increase your potential sentence.

Do you understand all of this?

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: Now has anyone made any promise to you, Mr. Nieto, other than the promises made in the plea agreement by the government as to what your sentence might be?

**4:16-CR-0132-BLW U.S. v. Nieto 03/02/17 Arraignment & Plea**

NW TRANSCRIPTS, LLC. - Idaho Division
P.O. Box 33, Issaquah, Washington 98027-0002
206-953-7066 - gayle@nwtranscripts.com

35

DEFENDANT JESUS NIETO: [No audible response].

THE COURT: Now a promise is different than a prediction, or and a -- kind of what things might be. But my question is, has anyone made any promise to you, other than those made in the plea agreement by the government, as to what your sentence might be?

(Off Record Colloquy of Defendant and Counsel)

DEFENDANT JESUS NIETO: No, Your Honor.

THE COURT: Has anyone made any promise to you, other than the promises made in the plea agreement by the government that would cause or induce you to plead guilty?

DEFENDANT JESUS NIETO: No, Your Honor.

THE COURT: Now I've asked you a lot of questions and given you a lot of information this morning, but do you have any questions or concerns about the plea agreement that were not addressed previously or during this discussion with me?

DEFENDANT JESUS NIETO: No, Your Honor.

THE COURT: Are you telling me that you understand the consequences or know -- and are knowing and voluntarily agreeing to all terms in the plea agreement?

DEFENDANT JESUS NIETO: Yes, Your Honor.

THE COURT: And, Mr. Parmenter, are you satisfied that your client's plea of guilty would be a knowledgeable and voluntary plea?

MR. PARMENTER: Yes, Your Honor.

THE COURT: So at this time I'm asking you, Mr. Nieto, what is your plea to Count One, the charge of coercion and enticement of a minor as charged in the Superseding Information, guilty or not guilty?

DEFENDANT JESUS NIETO: Guilty.

THE COURT: And I do find that your plea of guilty to Count One of the Superseding Information is a knowing and voluntary plea and that there's a factual basis for your plea.

I am recommending that the District Judge accept your plea and enter a judgment of guilty as to the crime of coercion and enticement of a minor as charged in Count One of the Superseding Information.

I also am recommending that the District Judge take under advisement the decision whether to accept the terms of the plea agreement, pending review of the presentence report.

And I am ordering a presentence investigation report, that means a United States Probation officer will be assigned to conduct a thorough investigation. The probation officer is an officer of the Court, so unless you are advised otherwise by your attorney, you should comply with every request of the probation officer, treating it as though it came directly from the Court. You should cooperate with the

**4:16-CR-0132-BLW U.S. v. Nieto 03/02/17 Arraignment & Plea**

NW TRANSCRIPTS, LLC. - Idaho Division
P.O. Box 33, Issaquah, Washington 98027-0002
206-953-7066 - gayle@nwtranscripts.com

37

probation officer in furnishing information for the report, not only because you agreed to do so in the plea agreement but because the report will be important in the Sentencing Judge's decision as to what your sentence will be.

If you do not tell the truth to the probation officer this could increase your guideline range and your punishment. You will however, have an opportunity to examine the report and to file any objections you may have to it. Those objections must be made in writing and a failure to timely file objections would be the waiver of the right to object.

Do we have a schedule?

THE CLERK: Yes, Your Honor. The sentencing is set for May 17th, 2017, at 1:30 p.m., here in Pocatello, before the Honorable B. Lynn Winmill.

The original report is due to counsel on April 12th.

The notification of objections due April 26th.

And the final report is due to Court and counsel on May 10th.

THE COURT: And, Ms. Wick, if this matter proceeds as expected, will the government make their motion to dismiss the Superseding Indictment as to the defendant at the time of sentencing?

MS. WICK: Yes, Your Honor.

MR. PARMENTER: And critical [sic], was the time of

4:16-CR-0132-BLW U.S. v. Nieto 03/02/17 Arraignment & Plea

NW TRANSCRIPTS, LLC. - Idaho Division
P.O. Box 33, Issaquah, Washington 98027-0002
206-953-7066 - gayle@nwtranscripts.com

38

sentencing?

THE CLERK: May I, Your Honor?

THE COURT: Yes.

THE CLERK: At 1:30.

MR. PARMENTER: 1:30. Okay.

THE COURT: I've signed the report and recommendation.

Mr. Nieto is in custody of the United States Marshal and is remanded to the custody.

Is there anything further to take up at this time? Ms. Wick?

MS. WICK: No, Your Honor.

THE COURT: Mr. Parmenter?

MR. PARMENTER: No, Your Honor.

THE COURT: Okay. With that the Court's in recess.

THE CLERK: All rise. The Court is in recess.

PROCEEDINGS CONCLUDED AT 10:31:52 A.M.

* * * * *

4:16-CR-0132-BLW U.S. v. Nieto 03/02/17 Arraignment & Plea

NW TRANSCRIPTS, LLC. - Idaho Division
P.O. Box 33, Issaquah, Washington 98027-0002
206-953-7066 - gayle@nwtranscripts.com

39

## CERTIFICATION

I (WE) CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE ELECTRONIC SOUND RECORDING OF THE PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

**NW TRANSCRIPTS, LLC**
**IDAHO DIVISION**
**P.O. BOX 33**
**ISSAQUAH, WASHINGTON 98027-0002**
**(206) 953-7066**
**gayle@nwtranscripts.com**

/s/ Gayle Martin-Lutz
FEDERALLY CERTIFIED MANAGER/OWNER

/s/ Gayle Martin-Lutz — 02/01/17
TRANSCRIBER — DATE

**4:16-CR-0132-BLW** **U.S. v. Nieto** **03/02/17** **Arraignment & Plea**

NW TRANSCRIPTS, LLC. - Idaho Division
P.O. Box 33, Issaquah, Washington 98027-0002
206-953-7066 - gayle@nwtranscripts.com

40