UNITED STATES DISTRICT COURT
9th CIRCUIT
DISTRICT OF IDAHO

U.S. COURTS

OCT 29 2018

Rcvd_____Filed_____Time 11:50
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO  am.

UNITED STATES OF AMERICA

VS

16-132

JESUS NIETO

## MOTION TO CORRECT SENTENCE
## FED. R. CRIM. P. 35 (a)

---

I Jesus Nieto, the defendant in this matter respectfully moves for the court for an order correcting the sentence imposed on July 11, 2017, to reflect that the sentence should be imposed in this matter is 120 months imprisonment rather than the sentence inadvertently imposed of 300 months.

### SUPPORTING MEMORANDUM

As established by the supporting memorandum and affidavit of Jesus Nieto, these are necessary because;
1) The facts are quite simple, and not as complex as one would think. The defendant was sentenced to a term much greater than the court should have allowed based on the rule of law.
2) Counsel for the defendant failed to object to the offense level enhancements that the court handed down.
See U.S.S.G.2K2.1(b)(4). Mr. Nieto claims that counsel should have opposed this enhancement because this fact was not included in the indictment. The Supreme Court has held that "Any Fact (other than a prior conviction that increases the maximum penalty for a crime must be charged as an indictment. It is clear in JONES V UNITED STATES, 526 U.S. 227, 243 (1999). See also; Apprendi v NEW JERSEY, 530 U.S. 466, 490 (2000).
3) The court in Mr. Nieto's case at sentencing, sentenced him to a term much greater than allowd by law, and higher than what he signed

for in the plea agreement which was 120 months not 300.

## FACTS

To lawfully enhance a defendants sentence, he/she must have been charged and indicted prior to sentencing. In Mr. Nieto's case this did not happen, but he was sentenced to a term of 300 months which was a violation of his Due Process rights.

At the sentencing hearing, Mr. Nieto agreed that the sentence of 120 months was appropriate, Mr. Nieto should have had the full benefit of the agreed upon and recommended sentence. In his case this did not happen.

Mr. Nieto was also misled into believing that the 120 month plea and also the trust he ensured in his counsel was a benefit to himself, again this did not occur at all.

Mr. Nieto had his sentence enhanced unlawfully by the court using (2) U.S.S.G. guidelines. The court referenced U.S.S.G. 4A1.1(c), & 4A1.2(A). Mr. Nieto did have a prior conviction but only as a juvenile, he was not placed in a juvenile prison, but placed on probation, to which he finished and later his juvenile record was sealed by the court.

U.S.S.G. 4A1.2(A), states " add 2 points under 4A1.1(b) for each adult or juvenile sentence to confinement of at least 60 days if the defendant was released from such confinement within (5) years of his commencement of the instant offense."

The enhancement was an egregious mistake by the court as well as for his attorney who should have objected to the enhancements.

The question now is how did the court impose a sentence greater than what was allowed by law, and to which was agreed upon by both the government and the defense? The enhancements that were applied to Mr. Nieto's case are a violation of his Constitutional rights.

Mr. Nieto, had his sentence enhanced significantly, and without just merit. It was quite apparent that counsel for Mr. Nieto performed deficiently by not challenging the enhancement phase of the sentencing.

## GROUNDS FOR RELIEF

Keep an open mind regarding this motion and respect the fact that Mr. Nieto accepted responsibility, which is duly noted in the record. Mr. Nieto was never formally charged, yet he received an enhancement for a crime, how is this fair to him.

Obviously the court did not follow proper procedure.

If the court would look at 28 U.S.C.991(b)(1)(B), and BRAXTON V UNITED STATES, 500 U.S. 344, (1991). It is clear and concise that the consideration of any miscellaneous guideline application coming to the courts attention from case law and other sources including possible considerations should be seen in resolving conflicting interpretations of the guidelines by the federal court.

Where is the actual physical evidence in Mr. Nieto's case? There is no evidence which would allow the enhancements, and it is nearly impossible to show any basis for them.

The prosecutor made high assumptions and consessions, made for the sake of argument, a tentative assumption made in order to draw out and test his logical and/or empirical consequences tentative to his case. There is no logic to this at all to justify the said sentence.

When the courts fail to fulfill its role, the courts can vary from the guidelines, based on disagreements with them, and not simply based on idividualized determination that they yield an excessive sentence.

The guidelines often produce harsh results that are patently unfair because they fail to take into account the individual circumstances, see UNITED STATES V RANUM, 353 F.Supp.2d 984 (E.Dist.Wis. 2005). " Many judges have criticized the guidelines not only for their inflexibility, but for their unnecessary harshness" like in Mr. Nieto's case.

## RECORD ON MOTION

This motion is based on this document, The Supporting Memorandum, and Affidavit, the Certificate of Service of all these papers on the U.S Attorney, on all the pleadings and papers on file in this action, and on the record of the sentencing proceedings that took place on July 11, 2017.


DATED: 10-24-18


SIGNATURE: Jesus Nieto

PRINTED NAME: Jesus Nieto


UNITED STATES PENITENTIARY TUCSON
PO BOX 24550
TUCSON, AZ. 85734